UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

CATHERINE MORALES,
                 Defendant.

12-cr-322 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      The Court is in receipt of Defendant Morales's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 682.) Morales moves the Court based on hardships presented by the pandemic on her ability to treat her hypertension and depression (*id.* at 9–10); an unspecified "severe" illness affecting her mother (*id.* at 11); and supposed pressure from her boyfriend while she was a fugitive for murder, which she alleges prevented her from taking responsibility for her crime (*id.*).

      Section 3582(c)(1)(A) prohibits the Court from modifying a term of imprisonment once it has been imposed except "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). No such motion has been presented by the Director of the Bureau of Prisons (the "BOP"), and Morales does not indicate in her motion that she has exhausted her administrative remedies as required by section 3582(c)(1)(A). Accordingly, IT IS

HEREBY ORDERED THAT Morales's motion for compassionate release is DENIED without prejudice to renewal after exhausting administrative remedies.[1]

SO ORDERED.

Dated: June 17, 2022
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[1] Before the Court can consider the merits of any renewed motion for compassionate release, Morales would need to comport with the procedural requirements of section 3582(c)(1)(A). *See* Bureau of Prisons, U.S. Dep't of Justice, Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (Jan. 17, 2019), *at* https://www.bop.gov/policy/progstat/5050_050_EN.pdf. To do so, Morales must first make "a request [to] the warden of [her] facility," 18 U.S.C. § 3582(c)(1)(A), for "the BOP to file a [compassionate-release] motion with the Court on [her] behalf," *United States v. Samuels*, No. 08-cr-789-6 (RJS), 2020 WL 7696004, at *3 (S.D.N.Y. Dec. 28, 2020). After that, there would be three possible routes to obtaining review of her motion in this Court. *First*, "[i]f the BOP grant[ed] [her] request, the Court [would] consider the BOP's motion at that time." *Id. Second*, if the warden denied her request, she would then need to "fully exhaust[] all administrative rights *to appeal*" such denial, *id.* (quoting 18 U.S.C. § 3582(c)(1)(A)) (emphasis in original), "including appeals to both the appropriate [BOP] Regional Director and the BOP General Counsel," *id.* (citing 28 C.F.R. §§ 542.15, 571.63; *United States v. Ng Lap Seng*, 459 F. Supp. 3d 527, 537 (S.D.N.Y. 2020)). Only after her appeals (from the warden's denial of her request to bring such a motion on her behalf) had been denied by *both* the appropriate Regional Director *and* the BOP General Counsel could she then she file a renewed motion for compassionate release and obtain merits review in this Court. *Third*, and finally, if Morales "waited at least 30 days after submitting [her] request [to the warden of her facility] without receiving a response," she could also then file a renewed motion for compassionate release and obtain merits review in this Court.